NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2019*
Decided May 13, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3304

| | |
|---|---|
| GORDON REDELL YOUNG, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-C-39 |
| EMILY BLOZINSKI, <br> *Defendant-Appellee*. | William C. Griesbach, <br> *Chief Judge*. |

**O R D E R**

Gordon Young, a pretrial detainee at a county jail in Wisconsin, sued a nurse under 42 U.S.C. § 1983 for deliberate indifference when she delayed evaluation and treatment for a painful sexually-transmitted disease. The district court entered summary judgment for the nurse, and we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Shortly after entering Brown County Jail as a pretrial detainee, Gordon Young began to experience uncomfortable symptoms that he suspected were caused by a sexually-transmitted disease. On a Friday he submitted a medical request describing his symptoms—discomfort, painful urination, and discharge—and the following Monday was told by Nurse Emily Blozinski that she had scheduled him to see someone with the Health Services Unit at the next available appointment. He was examined that same day by another nurse in the unit.

Over the next month, Young was seen several times by doctors and nurses with the medical staff. Young had no further interactions with Nurse Blozinski. A urinalysis showed that he tested positive for gonorrhea and chlamydia, and within a week he was prescribed a regimen of ibuprofen for pain relief, as well as antibiotics, which appear to have resolved his symptoms.

Young brought this deliberate-indifference suit against Blozinski, asserting that she failed to take his medical issue seriously and delayed his access to treatment. The district court granted Blozinski's motion for summary judgment. Not only was her response to Young's "non-emergent" medical request within two or three days "prompt," the court explained, but Young also had not provided any evidence that the two-to-three-day delay was her fault or that it affected or exacerbated his pain.

On appeal Young has not meaningfully developed the arguments in his brief, *see* FED. R. CIV. P. 28(a)(8), but we understand him to challenge generally the district court's conclusion that he presented no evidence that the delay was Nurse Blozinski's fault. He was entitled under the Fourteenth Amendment to no less protection of his basic needs than the Eighth Amendment affords convicted prisoners. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). Under *Miranda*, Young has the burden of producing evidence that would permit the inference that he suffered from an objectively serious medical condition, and that Blozinski's response to it was objectively unreasonable. *Id*. at 352; *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

We agree with the district court's assessment of the merits. The record reflects only one interaction between Young and Blozinski: the medical request that he submitted on a Friday, and her response the following Monday that she had scheduled him for a next-available appointment. Although Young complained of discharge and a burning sensation during urination, the information he included in his request did not suggest that his condition was a medical emergency. Given the contents of Young's request, Blozinski's response to schedule him for a next-available appointment does not

reflect a reckless disregard of Young's condition. Further, as the district court noted, Young was seen by the medical staff on the same day that Blozinski responded to his request, and Young presented no evidence that Blozinski was responsible for any aspect of his medical care from that point forward.

AFFIRMED